# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JONATHAN TASAKI                                                                           PETITIONER

v.                          NO. 2:15-cv-00107 DPM/PSH

C.V. RIVERA, Warden,                                           RESPONDENT
F.C.I. Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION
===

The record indicates that on April 18, 2011, petitioner Jonathan Tasaki ("Tasaki") was arrested by Tennessee authorities. See Pleading 1 at 10. He remained in state custody until September 13, 2011, when he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. See Pleading 1 at 10. On April 10, 2012, he was sentenced in the United States District Court for the Western District of Tennessee to a one hundred month term of imprisonment. See Pleading 1 at 10. He remained in federal custody until April 12, 2012, when he was returned to state custody. See Pleading 1 at 10.

On April 3, 2013, Tasaki was sentenced in a Tennessee state court to a three year term of imprisonment, the term to be served concurrent with the federal sentence. See Pleading 1 at 12. He was given credit on his state sentence for 356 days he served in state custody prior to his sentencing in state court. See Pleading 1 at 6. The 356 day period was for the single day of January 23, 2011, and for the period of time from April 13, 2012, through April 2, 2013. See Pleading 1 at 12.[1] On November 25, 2013, Tasaki was paroled from his state sentence and received into federal custody pursuant to a detainer. See Pleading 1 at 10.

---

[1] The Judgment and Commitment Order from the state court case indicates that Tasaki was given credit on his state sentence for, inter alia, the period of time from April 18, 2012, to April 3, 2013. See Pleading 1 at 12. One Federal Bureau of Prison ("BOP") representative identified the relevant period as being from April 13, 2012, to April 2, 2013, see Pleading 1 at 6, and another BOP representative identified the period as being from April 13, 2012, through April 2, 2013, see Pleading 1 at 10. The undersigned need not reconcile this discrepancy.

After Tasaki arrived in federal custody, the Federal Bureau of Prisons ("BOP") prepared a sentence computation that he found unacceptable. He then began the grievance process in an attempt to obtain credit on his federal sentence for time he spent in custody prior to November 25, 2013. In the grievance, he asked that he be given "Willis time credits." See Pleading 1 at 5.[2] His grievance was denied at the institutional level. The document notifying him of the result provided, in part, the following:

> A review of your case indicates that the time in question was applied to your Tennessee Department of Corrections sentence, which you began serving on April 3, 2013. You were granted 356 days of pre-trial credit on your state sentence on January 23, 2011 and April 13, 2012, to April 2, 2013. You remained in the primary custody of the Tennessee Department of Corrections until you paroled to a United States Marshals' detainer on November 25, 2013. You were given prior jail credit on your federal sentence on November 26, 2013, and your federal sentence began on November 27, 2013. In addition, you were given jail credit from April 18, 2011 (federal date of offense) thru April 12, 2012 due to the state charges were nolle prossed.

See Pleading 1 at 6.

---

[2] In Cox v. Outlaw, 2008 WL 62497, 6 n.7 (E.D.Ark. 2008), former United States Magistrate Judge H. David Young explained "Willis time credits" in the following manner:

> In Willis, the petitioner sought credit on his federal sentence for the time he spent in state custody prior to federal sentencing. The United States Court of Appeals for the Fifth Circuit held that if the petitioner was "denied release on bail [by the state] because [a] federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense." See Willis v. United States, 438 F.2d at 925 (citation and internal quotation marks omitted). Willis credits therefore appear to be available in those instances in which a prisoner is denied release on bail in state court because a federal detainer has been lodged against him. See Gonzalez v. Hawke, 2006 WL 2465307 at 7 (D.N.J. 2006). …

Tasaki appealed, and his grievance was denied at the regional level. The document notifying him of the result provided, in part, that he was not entitled to "Willis time credits" because his state and federal sentences were not concurrent. See Pleading 1 at 8.

Tasaki appealed and requested, inter alia, a nunc pro tunc designation.[3] The Acting Administrator of National Inmate Appeals ("Administrator") determined that because the "federal sentencing Court was silent in [Tasaki's] case, ... [Tasaki's] federal term [was] calculated to run consecutive to [his] state term." See Pleading 1 at 11. With respect to Tasaki's request for a nunc pro tunc designation, the Administrator noted the following:

> You have requested a review for a nunc pro tunc designation as a result of the ruling under Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). As such, the Bureau requested the opinion of the sentencing Court on September 5, 2014; however, we have not yet received a response. The Bureau allows the Court 60 days to respond to our letter prior to reviewing the other four factors in the five factor review under 18 U.S.C. 3621(b). You will be notified of the results of the review.

---

[3] The nunc pro tunc designation addresses situations where a defendant is sentenced in federal court but is not thereafter placed in BOP custody to commence service of the federal sentence. [Footnote omitted]. This time spent in state custody creates a gap between the date of the imposition of the federal sentence and the date the inmate is received at a federal detention facility. In this context, the BOP "has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.'" See Fegans, 506 F.3d at 1103 (quoting Romandine v. United States, 206 F.3d 731, 738 (7th Cir.2000)).

See Richardson v. Outlaw, 2011 WL 671997, 6 (E.D.Ark. 2011) (Ray, J.).

<u>See</u> Pleading 1 at 11. The record is silent as to whether the federal sentencing court ever responded to the BOP request or whether Tasaki was ever notified of the results of the BOP's review.

Tasaki commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 and joining respondent C.V. Rivera ("Rivera"), the Warden of FCI Forrest City, Arkansas. In the petition, Tasaki challenged the calculation of his federal sentence. He specifically maintained the following:

> [Rivera] is denying Petitioner due process of law in connection with the execution of his sentence in that [Rivera] is denying Petitioner credit toward his 100-month Federal sentence of 19 months, wherein Petitioner was serving a concurrent sentence in the State of Tennessee which was ordered to run concurrently with his Federal Case, …
>
> Petitioner is being denied his right to due process of law by the decision of the Bureau of Prisons in denying Petitioner credit against his Federal sentence for the time he served in State custody following the imposition of the State sentence on April 3, 2013, which the State sentencing court ordered to run concurrently with the Federal sentence which had been imposed on April 10, 2012. The consequence of such action is to extend Petitioner's stay in prison in violation of his right to due process of law …

<u>See</u> Pleading 1 at 3. Tasaki asked that his federal sentence be re-calculated to include "the full amount of time [he] served in State custody prior to being paroled to his Federal sentence." <u>See</u> Pleading 1 at 3.

Rivera filed a response to the petition in which he maintained that Tasaki's claim warranted no relief. He so maintained for the following reason:

> Petitioner filed his suit on August 4, 2015. As a result of the investigation of his claims, it was determined that Petitioner's federal sentence began on the date imposed, April 10, 2012. Also, jail credit was applied to Petitioner's federal sentence from April 18, 2011 through April 9, 2012. While Petitioner does not specify the amount or dates of credit he is seeking, it would appear that his Petition for habeas corpus is moot. ...
>
> ...
>
> Petitioner had requested jail credit towards his federal sentence for time he spent in State custody at the Shelby County Jail, TN. Investigation revealed Petitioner was in exclusive federal custody, therefore jail credit was applied to his federal sentence. And, it has been determined that Petitioner's federal sentence began the date imposed, as opposed to the date he came into physical federal custody. The only relief requested has been provided. Accordingly, this action no longer represents a case or controversy and should be dismissed, with prejudice, as moot.

See Pleading 4 at 1-2. Rivera supported his response with a declaration from James D. Crook ("Crook"), a representative of the United States Department of Justice. In the declaration, Crook affirmed that Tasaki's federal sentence began on the day it was imposed, i.e., April 10, 2012, and "jail credit was applied to [his] federal sentence from April 18, 2011, through April 9, 2012." See Pleading 4, Declaration of James D. Crook at 2.

Tasaki was accorded an opportunity to file a reply to Rivera's assertion. The deadline for filing such a reply has now passed, and Tasaki filed nothing.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." See Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005) (quoting Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000)). The

parameters of the doctrine have been described as follows:

> ... "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, [the courts] have no discretion and must dismiss the action for lack of jurisdiction. See Powell v. McCormack, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

See Ali v. Cangemi, 419 F.3d at 723-724.

Applying the foregoing principles to the case at bar, it is clear that Tasaki's case no longer presents a case or controversy under Article III. He committed the federal offense on April 18, 2011, see Pleading 4, Declaration of James D. Crook, Attachment 1 at 1, and was taken into custody by Tennessee authorities that same day. He cannot seriously maintain that he is entitled to credit on his federal sentence for any period of time prior to April 18, 2011.

The BOP Sentence Monitoring Computation Data Worksheet reflects that Tasaki was given credit on his federal sentence for the period of time he spent in custody, regardless of whether it was state or federal custody, beginning on April 18, 2011, i.e., the day he was taken into custody by Tennessee authorities. He continued to receive credit on his federal sentence through April 9, 2012, i.e., the day before he was

sentenced in federal court. See Pleading 4, Declaration of James D. Crook, Attachment 1 at 2. Tasaki's federal sentence was imposed the following day, i.e., April 10, 2012, and his federal sentence commenced on that day. See Pleading 4, Declaration of James D. Crook, Attachment 1 at 1, 2. The BOP Sentence Monitoring Computation Data Worksheet reflects that Tasaki has received credit on his federal sentence for every day since April 10, 2012. See Pleading 4, Declaration of James D. Crook, Attachment 1 at 2.[4] The practical effect of so calculating his federal sentence is that he was and is serving it concurrent with his state sentence.[5] Tasaki has received all the credit on his federal sentence that he is entitled to receive.

This case no longer presents a case or controversy under Article III and does not fall within the exception to the mootness doctrine for cases "capable of repetition yet evading reviewing." See Doe v. LaFleur, 179 F.3d 613, 615 (8th Cir. 1999). This case is moot. The undersigned recommends that Tasaki's petition be dismissed with prejudice. All requested relief should be denied, and judgment should be entered for Rivera.

---

[4] The BOP Sentence Monitoring Computation Data Worksheet appears to have been prepared on August 12, 2015. It reflects that Tasaki has served four years, three months, and twenty-six days of his federal sentence. The period of time from April 18, 2011, through August 12, 2015, is four years, three months, and twenty-six days.

[5] Given the manner in which Tasaki's federal sentence is being administered, the BOP must have granted his request for a nunc pro tunc designation.

DATED this 6th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
